HARLEY M. BROYLES #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436
Email: hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

BRETTNY HARDY
(*pro hac vice*)
EARTHJUSTICE
180 Steuart Street #194330
San Francisco, California 94105
T: (415) 217-2000
Email: bhardy@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| CONSERVATION COUNCIL FOR HAWAI'I and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION and DR. NEIL JACOBS, in his official capacity as Administrator of the National Oceanic and Atmospheric Administration,<br><br>Defendants. | CIVIL NO. CV-26-506 DKW-KJM<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

## I. INTRODUCTION

This case involves a challenge to the National Oceanic and Atmospheric Administration's (NOAA) certification of an application from The Metals Company USA (TMC USA) to conduct seabed mining exploration activities under the Deep Seabed Hard Mineral Resources Act (DSHMRA). After this case was filed, NOAA certified two additional DSHMRA applications, from American Metal Resources (AMR) and SeaX. NOAA certified the AMR and SeaX applications without making all relevant materials available to the public as required by law. That is the identical error they made in certifying TMC USA's application that Plaintiffs Conservation Council for Hawai‘i and Center for Biological Diversity are currently challenging.

Plaintiffs respectfully move for leave to supplement their Complaint for Declaratory and Injunctive Relief pursuant to Fed. R. Civ. P. 15(d) and LR 10.4 to add two causes of action challenging the certifications of AMR's and SeaX's applications. The new causes of action challenge the decisions to certify the AMR and SeaX applications on the same basis as Plaintiffs' initial cause of action challenging NOAA's certification of TMC USA's application. The proposed supplemental complaint is attached to this motion as Exhibit A in redline format.

## II. BACKGROUND

DSHMRA provides a "program to regulate the exploration for and commercial recovery of hard mineral resources" in the deep seabed beyond national jurisdiction (international waters). 30 U.S.C. §§ 1401(b)(3), 1403(4). Under the statute, NOAA can issue licenses and permits to U.S. citizens authorizing them to engage in deep seabed exploration or commercial production activities in international waters. *Id.* § 1412. At issue here, an exploration license authorizes the holder "to engage in exploration within a specific portion of the sea floor." 15 C.F.R. § 970.102. When applying for an exploration license, an applicant must provide sufficient information to demonstrate that it satisfies specified requirements to be eligible for "certification." 30 U.S.C. § 1413(c); *see also* 15 C.F.R. §§ 970.200–.208.

After receiving a complete application, NOAA must publish a Federal Register notice of the application. 30 U.S.C. § 1426(a)(1). The statute requires NOAA to permit interested persons to examine "the materials relevant to any of these actions [i.e., an application]," and give those persons "at least 60 days after publication of such notice to submit written comments to the Administrator." *Id.*; *see also* 15 C.F.R. § 970.212(a). After considering public input, NOAA determines whether to "certify" the application. *Id.* § 1413(g); 15 C.F.R. §§ 970.400–.408. NOAA may only certify an application if the agency finds, in

writing and based on all evidence before it, that that applicant meets the four eligibility requirements in 30 U.S.C. § 1413(c). "Any determination" by NOAA "to certify or deny certification of an application" for an exploration license "is subject to judicial review as provided in" the Administrative Procedure Act (APA). *Id.* § 1416(d).

On December 23, 2025, NOAA published notice of an application from TMC USA for an exploration license and opened a 60-day public comment period. ECF 1, ¶ 72. Plaintiffs submitted comments on the application that, among other things, explained that NOAA failed to provide interested persons with all materials relevant to the application, in violation of DSHMRA. *Id.* ¶¶ 74–78. On or about May 26, 2026, NOAA certified TMC USA's application. *Id.* ¶ 79. Plaintiffs filed a complaint on September 30, 2026, challenging that decision for failing to make relevant materials available during the comment period. *Id.* ¶¶ 82–88.

On March 23, 2026, NOAA published notice of applications from AMR and SeaX for exploration licenses and opened a 60-day public comment period. Supp. Compl. ¶ 92. Plaintiffs again submitted comments on the applications explaining that among other things, NOAA had failed to make relevant materials available to interested persons. *Id.* ¶¶ 93–95. On October 16, 2026, the parent company of AMR and SeaX issued a public statement that NOAA had certified the two applications. *Id.* ¶ 96.

## III. LEGAL STANDARD

Unlike an amended complaint, which typically focuses on conduct that occurred prior to the filing of the original pleading, a supplemental complaint sets forth "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The purpose of [Rule 15(d)] is to promote as complete an adjudication of the dispute between the parties as is possible" by allowing the addition of claims or facts that arise after the complaint is filed. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1504 (3d ed. 2010)). It is meant to avoid the "cost, delay and waste" associated with a separate action. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citations omitted). Plaintiffs can bring new claims in a supplemental complaint "to promote the economical and speedy disposition of the controversy." *Id.*

Generally, courts have broad discretion to allow supplemental pleadings and "its use is therefore favored." *Id.* Rule 15's policy favoring amended or supplemental pleadings is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). A court should grant leave to supplement unless the revised pleading would result in undue prejudice to the opposing party, or the opposing party has

made a "strong showing" of bad faith, undue delay in the proceedings, or futility. *Id.* at 1052; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In considering these factors, "prejudice to the opposing party … carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

## IV. ARGUMENT

Plaintiffs' requested supplementation of their complaint would promote judicial economy and the efficient resolution of the entire controversy between the parties. The challenge to the certifications of the AMR and SeaX applications involves the same core of underlying facts, issues of law, and parties as the challenge to TMC USA's certification in this case. The supplemental complaint simply adds limited new facts and legal allegations related to application certifications that arose after Plaintiffs filed their complaint, but that repeat the same legal errors already at issue in this case. Specifically, Plaintiffs challenge all three certifications on the ground that NOAA failed to comply with DSHMRA's procedural requirement to make all relevant materials available to the public during the statutorily mandated comment periods. The supplemental complaint therefore does not expand the legal issues but only adds two additional counts grounded in the same legal issues as the existing complaint.

Supplementation is in the interests of justice and judicial economy. Given the similarities in the questions of fact and law, the causes of action, and the parties in the challenges to the three certifications, supplementation would allow the Court to more easily resolve the entire controversy between the parties. It would enable the Court to adjudicate the closely related challenges as one case and to efficiently manage the proceedings on all three certifications within the same docket. Put simply, the new claims are a natural extension of the existing litigation.

Supplementation here would not result in undue prejudice. Defendants do not oppose this motion. Regardless, at such an early stage in the case, it is difficult to imagine how Defendants would be prejudiced by Plaintiffs' motion. Parties opposing such a motion have demonstrated prejudice by establishing that the new claims would alter the nature of the litigation, *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), or when discovery has closed or is about to close, *see, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Those circumstances are not present here. Rather, allowing supplementation would minimize prejudice to the parties in this case. If supplementation were denied, Plaintiffs would have to initiate a separate lawsuit against NOAA. And Defendants would need to file an additional answer in what would likely become a related case, rather than simply responding to the complaint in this case. *See Nat. Res. Def. Council v. Kempthorne*, No. 1:05-cv-01207 LJO-

GSA, 2016 WL 8678051, at *16 (E.D. Cal. April 22, 2016) (holding that the interests of judicial economy and convenience were served when the supplemental complaint raised similar legal issues and thereby avoided a separate and redundant lawsuit); *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214–15 (N.D. Cal. 2015) (same).

Allowing supplementation would not cause undue delay or inconvenience because the Plaintiffs' request is early, before Defendants' answer is due. *See Collins v. Wal-Mart Stores, Inc.*, No. 3:23-cv-01368-RBM-DEB, 2025 WL 1638319, at *5 (S.D. Cal. June 6, 2025) (finding no undue delay when the supplemental complaint was filed before any operative deadlines and before a motion for summary judgment was filed). Nor do Plaintiffs seek to supplement in bad faith, such as to destroy diversity jurisdiction, to unreasonably delay judicial proceedings, or for any other impermissible purpose. *Cf. Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (upholding district court's denial of leave to amend for bad faith where amendment was sought in an admitted attempt to destroy court's diversity jurisdiction); *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (citing these tactics as evidence of bad faith). Finally, Plaintiffs' proposed supplemental complaint is not futile. A proposed supplement is futile only if Plaintiffs cannot plead sufficient factual matter, accepted as true, to state a claim

that is plausible on its face. *See, e.g.*, *Mujica v. AirScan Inc.*, 771 F.3d 580, 592–93 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'" *DCD Programs*, 833 F.2d at 188 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Given the similarities in facts and legal claims between the original and supplemental complaint, the procedural posture of this case, and the parties involved, it makes more sense to add challenges to the certifications of AMR's and SeaX's applications to the existing litigation than to initiate a new case. Plaintiffs therefore respectfully request the Court to grant this motion.

V. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' unopposed motion to supplement the complaint.

DATED: November 16, 2026.

HARLEY M. BROYLES
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104

/s/ Brettny Hardy
BRETTNY HARDY
(*pro hac vice*)
EARTHJUSTICE
180 Steuart Street #194330
San Francisco, California 94105
T: (415) 217-2000
Email: bhardy@earthjustice.org

Attorneys for Plaintiffs
Conservation Council for Hawaiʻi and
Center for Biological Diversity